UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------x

CHARLES E. DONOGHUE,

               Plaintiff,

v.

BARTON PROTECTIVE SERVICES, INC.
and DANIEL NAVEDO,

               Defendants.

---------------------------------------------------x

C.A. No. 0411792-RGS

## ANSWER OF DEFENDANT, BARTON PROTECTIVE SERVICES, INC., TO PLAINTIFF'S COMPLAINT

Defendant, Barton Protective Services, Inc. ("Barton"), for his Answer to Plaintiff's Complaint, states as follows:

### Parties

1. Barton denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Barton admits the allegations in Paragraph 2.

3. Barton denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 1 and admits that Daniel Navedo ("Navedo") is employed by Barton as a Senior Account Manager.

4. Paragraph 4 contains conclusions of law, to which no response is required.

5. Barton admits that Plaintiff was employed by Barton for approximately four months until May 2003 as a captain. Barton denies knowledge or information sufficient to form a belief as to Plaintiff's birth date. Barton denies the remaining allegations of Paragraph 5.

6. Barton denies the allegations in Paragraph 6.

7. Barton denies the allegations in Paragraph 7.

8. Barton denies the allegations in Paragraph 8.

9. Barton denies the allegations in Paragraph 9.

10. Barton denies the allegations in Paragraph 10.

11. Barton admits the allegations in Paragraph 11, except denies information sufficient to form a belief as to when Plaintiff filed a charge of discrimination with the MCAD.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Barton denies knowledge of the remaining allegations in Paragraph 12.

13. Barton denies the allegations in Paragraph 13.

The WHEREFORE paragraph immediately following Paragraph 13 of the Complaint a prayer for relief to which no response is required. To the extent a response is required, Barton denies the allegations in the WHEREFORE paragraph immediately following Paragraph 13 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for damages fail, in whole or in part, by Plaintiff's failure to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

Every action taken by Barton with respect to Plaintiff was taken for a legitimate business purpose.

2

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his failure to exhaust his internal and administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of the preventive and/or the other corrective opportunities provided by Barton and otherwise avoid harm.

## SEVENTH AFFIRMATIVE DEFENSE

Barton reserves the right to add additional affirmative defenses as they are discovered.

Respectfully submitted,

BARTON PROTECTIVE SERVICES, INC.

By its attorneys,

_____
Jeffrey S. Brody BBO#566032
Samia M. Kirmani BBO #634699
Jackson Lewis LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025

Dated: August 25, 2004

## CERTIFICATE OF SERVICE

I hereby certify that, on this 25th day of August, 2004, I caused a true and accurate copy of the above document to be served upon Plaintiff's counsel, Paul A. Manoff, 47 Winter Street, #4, Boston, MA 02108, by first-class mail, postage prepaid.

_____
Jackson Lewis LLP

3