**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
Case Summary
Civil Docket

## SUCV2004-03107
### Donoghue v Baron Protective Services, Inc et al

| | | | |
|---|---|---|---|
| File Date | 07/13/2004 | Status | Disposed: transferred to other court (dtrans) |
| Status Date | 08/18/2004 | Session | H - Civil H |
| Origin | 1 | Case Type | B22 - Employment Discrimination |
| Lead Case | | Track | F |

| | | | | | |
|---|---|---|---|---|---|
| Service | 10/11/2004 | Answer | 12/10/2004 | Rule12/19/20 | 12/10/2004 |
| Rule 15 | 12/10/2004 | Discovery | 05/09/2005 | Rule 56 | 06/08/2005 |
| Final PTC | 07/08/2005 | Disposition | 09/06/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Charles E Donoghue
Active 07/13/2004

*Private Counsel 318220*
Paul A Manoff
47 Winter Street
4th floor
Boston, MA 02108
Phone: 617-542-4620
Active 07/13/2004 Notify

**Defendant**
Baron Protective Services, Inc
Served: 08/04/2004
Served (answr pending) 08/16/2004

*Private Counsel 566032*
Jeffrey S Brody
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
Phone: 617-367-0025
Fax: 617-367-2155
Active 08/18/2004 Notify

*Private Counsel 634699*
Samia M Kirmani
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
Phone: 617-367-0025
Fax: 617-367-2155
Active 08/18/2004 Notify

**Defendant**
Daniel Navedo
Served: 08/04/2004
Served (answr pending) 08/16/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/13/2004 | 1.0 | Complaint filed with request for trial by jury |

case01 239964 y y y y y y

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

08/18/2004
03:27 PM

## SUCV2004-03107
### Donoghue v Baron Protective Services, Inc et al

| Date | Paper | Text |
|---|---|---|
| 07/13/2004 | | Origin 1, Type B22, Track F. |
| 07/13/2004 | 2.0 | Civil action cover sheet filed |
| 08/16/2004 | 3.0 | SERVICE RETURNED: Baron Protective Services, Inc(Defendant) (In hand on 8/4/04) |
| 08/16/2004 | 4.0 | SERVICE RETURNED: Daniel Navedo(Defendant) (In hand on 8/4/04) |
| 08/17/2004 | | Certiffied copy of petition for removal to U. S. Dist. Court of Deft. Barton Protective Services, Inc., U. S. Dist.#(0411792RGS). |
| 08/18/2004 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

I HEREBY ATTEST AND CERTIFY ON
AUGUST 19, 2004 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK

*Suffolk Superior Civil #04-3107*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------x

CHARLES E. DONOGHUE,

        Plaintiff,

v.

BARTON PROTECTIVE SERVICES, INC.
and DANIEL NAVEDO,   C.A.

        Defendants.

------------------------------------x

04 11792 RGS

[SUFFOLK SUPERIOR COURT CIVIL CLERK'S OFFICE FILED AUG 17 2004 MICHAEL JOSEPH DONOVAN CLERK OF COURT]

[COPY — seal of U.S. District Court — AND CERTIFY ON 8/17/04 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY. CLERK, U.S. DISTRICT COURT DISTRICT OF MASSACHUSETTS BY: _____]

**NOTICE OF REMOVAL**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. § 1446 defendant, Barton Protective Services, Inc. ("Barton"), respectfully submits this Notice of Removal of the instant civil action. As grounds for this removal, Barton states that:

1. An action was commenced against Barton in the Suffolk County Superior Court of the Commonwealth of Massachusetts, by service of a Complaint styled as Civil Action No. 04-3107. A true and correct copy of the Complaint is annexed hereto as Exhibit "A".

2. The above-referenced action was commenced against Barton by service of the Complaint on August 5, 2004.

3. Defendant Daniel Navedo ("Navedo") has not been served with a Summons and Complaint in this action and joins in this pleading for removal purposes only. Defendant Navedo reserves all rights to assert the fact that he has not been properly served as a defense to this action.

4. No further proceedings have occurred in the state action. Neither Defendant has served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the Suffolk County Superior Court of the Commonwealth of Massachusetts.

## DIVERSITY REMOVAL

1. This Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, because there is diversity of citizenship, in that defendant Barton is a Delaware corporation, with a principal place of business in King of Prussia, Pennsylvania. Defendant Navedo is a resident of Rhode Island. As acknowledged in Paragraph 1 of the Complaint, Plaintiff is a resident of Massachusetts. Further, the sum in controversy appears to exceed the $75,000 jurisdictional prerequisite.

2. Barton submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding Plaintiff has pled claims upon which relief may be granted.

3. Defendant is filing contemporaneously with this Notice a copy of this Notice with the Clerk of the Suffolk County Superior Court of the Commonwealth of Massachusetts. A copy of that notification is attached hereto as Exhibit "B".

WHEREFORE, Barton prays that the above-action now pending in the Suffolk County Superior Court of the Commonwealth of Massachusetts be removed therefrom to this Court.

I HEREBY ATTEST AND CERTIFY ON AUGUST 19, 2004 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK
Dated: 8/19/04

Respectfully submitted,

BARTON PROTECTIVE SERVICES, INC.,

_____
Jeffrey S. Brody BBO#566032
Samia M. Kirmani BBO# 634699
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025; FAX: (617) 367-2155

## CERTIFICATE OF SERVICE

I hereby certify that, on this 17th day of August, 2004, I caused a true and accurate copy of the above document to be served upon Plaintiff's counsel, Paul A. Manoff, 47 Winter Street, #4, Boston, MA 02108, by first-class mail, postage prepaid.

Jackson Lewis LLP

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                             SUPERIOR COURT
                                                                                    C.A. NO. 04-3107H

-----------------------------------------------------------x
CHARLES E. DONOGHUE,

                              Plaintiff,

                v.

BARTON PROTECTIVE SERVICES, INC.
and DANIEL NAVEDO,

                              Defendants.
-----------------------------------------------------------x

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:    Office of the Clerk – Civil
        Suffolk Superior Court
        90 Devonshire Street
        Boston, MA 02109

PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Suffolk County Superior Court has been duly filed in the U.S. District Court for the District of Massachusetts. Attached hereto is a copy of that Notice of Removal.

                                                               Respectfully submitted,

                                                               BARTON PROTECTIVE SERVICES, INC.,

                                                               _____
                                                               Jeffrey S. Brody (BBO#566032)
                                                               Samia M. Kirmani (BBO# 634699)
                                                              JACKSON LEWIS LLP
                                                               75 Park Plaza
                                                               Boston, Massachusetts 02116
                                                               (617) 367-0025; FAX: (617) 367-2155

Dated: 8/17/04

## CERTIFICATE OF SERVICE

I hereby certify that, on this 17th day of August, 2004, I caused a true and accurate copy of the above document to be served upon Plaintiff's counsel, Paul A. Manoff, 47 Winter Street, #4, Boston, MA 02108, by first-class mail, postage prepaid.

Jackson Lewis LLP

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.
SUPERIOR COURT
C.A. NO. 04-3107H

------------------------------x
CHARLES E. DONOGHUE,

        Plaintiff,

v.

BARTON PROTECTIVE SERVICES, INC.
and DANIEL NAVEDO,

        Defendants.
------------------------------x

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:  Office of the Clerk – Civil
Suffolk Superior Court
90 Devonshire Street
Boston, MA 02109

PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Suffolk County Superior Court has been duly filed in the U.S. District Court for the District of Massachusetts. Attached hereto is a copy of that Notice of Removal.

Respectfully submitted,

BARTON PROTECTIVE SERVICES, INC.,

_____
Jeffrey S. Brody (BBO#566032)
Samia M. Kirmani (BBO# 634699)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025; FAX: (617) 367-2155

Dated: 8/17/04

1

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, SS. | SUPERIOR COURT<br>C.A. NO. 04-3107 H |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CHARLES E. DONOGHUE,

    Plaintiff

v.                                    **COMPLAINT**

BARTON PROTECTIVE SERVICES, INC. and
DANIEL NAVEDO,

    Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



## Parties

1. The plaintiff is a natural person who currently resides in Braintree, Massachusetts.

2. The defendant, Barton Protection Services, Inc. (BPS), is a corporation with a place of business located in Boston, Massachusetts.

3. The defendant, Daniel Navedo, is an individual whose residence is unknown to the plaintiff. He is or was employed by BPS as a manager.

4. At all times material hereto, the defendant, BPS, has been an employer within the meaning of G.L. c. 151B.

5. Plaintiff was employed by defendant BPS for 4-5 months until May, 2003. His most recent position was as a captain. He was born on September 15, 1939.

6. At all times material hereto plaintiff performed his duties with the defendant BPS in an exemplary, competent and more than adequate manner.

7. On or about May 30, 2003 the defendant employer constructively discharged plaintiff from his position as captain.

8. Plaintiff presently remains fully capable of performing his former duties with BPS.

9. BPS's course of conduct towards plaintiff in constructively discharging him and in otherwise discriminating against him was motivated by impermissible factors, namely plaintiff's age, and plaintiff would not have been so treated by defendants if he had not been of a relatively advanced age, all in violation of G.L. c. 151B Section 4.

10. The above course of conduct towards plaintiff was aided, abetted, compelled and/or executed on behalf of BPS by defendant Navedo. Defendants acted with knowledge or had reason to know that their actions violated G.L. c. 151B Section 4.

11. On or about February 25, 2004 the plaintiff filed a complaint against defendants with the Massachusetts Commission Against Discrimination (MCAD) which complaint alleged that defendants constructively discharged plaintiff from employment on account of his age. This complaint was assigned a docket number 04BEM00933 by the MCAD.

12. Plaintiff has exhausted all administrative remedies which are required to be exhausted prior to his bringing or maintaining this action.

### Damages

13. As a result of the loss of his employment as alleged above, plaintiff has incurred damages in the nature of lost earnings, and has incurred great mental anguish and suffering.

WHEREFORE, the plaintiff prays for the following relief:

A. That he be awarded damages sufficient to compensate him for his loss of earnings, past and future, and for his mental anguish and suffering;

B. That such damages be doubled or trebled in accordance with the terms of G.L. c. 151B section 9;

C. That the defendant BPS be ordered to reinstate plaintiff to his former position (on the day shift) without loss of seniority or other benefits;

D. That he be awarded his costs of this action including reasonable attorney's fees; and

E. That this Court award him such other and further relief as it deems just and proper.

Jury Claim

The plaintiff claims a trial by jury.

Charles E. Donoghue
By his attorney,

Paul A. Manoff
47 Winter Street, #4
Boston, MA 02108
(617) 542-4620
BBO# 318220

Date: 7-13-04

donoghue\complaint

I HEREBY ATTEST AND CERTIFY ON AUGUST 19, 2004 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: ASSISTANT CLERK

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-3107 H | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|
| PLAINTIFF(S) Charles E. Donoghue | | DEFENDANT(S) Barton Protective Services, Inc. and Daniel Navedo |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Paul A. Manoff<br>47 Winter Street, #4, Boston, MA 02108<br>(617) 542-4620<br>Board of Bar Overseers number: 318220 | | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (x) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................. $............
2. Total Doctor expenses ............................................................. $............
3. Total chiropractic expenses ............................................................. $............
4. Total physical therapy expenses ............................................................. $............
5. Total other expenses (describe) ............................................................. Subtotal $............

B. Documented lost wages and compensation to date ............................................................. $............
C. Documented property damages to date ............................................................. $............
D. Reasonably anticipated future medical and hospital expenses ............................................................. $25,000+
E. Reasonably anticipated lost wages ............................................................. $............
F. Other documented items of damages (describe) ............................................................. $............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff was constructively discharged from his employment due to his age. This court has exclusive jurisdiction pursuant to G.L. c. 151B, Section 9.
$............
TOTAL $.25,000+....

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record Paul A. Manoff                DATE: 7/13/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
AUGUST 19, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK

## Commonwealth of Massachusetts

3

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-3107H

Charles E. Donoghue, Plaintiff(s)

v.

Barton Protection Services, Inc., et al, Defendant(s)

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Paul A. Manoff plaintiff's attorney, whose address is 47 Winter St., #4, Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the 14th day of July, in the year of our Lord two thousand and four.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON
AUGUST 19, 2004 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK

# Commonwealth of Massachusetts

**4**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-3107H

Charles E. Donoghue _____, Plaintiff(s)

v.

Daniel Navedo, et al _____, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon __Paul A. Manoff__ plaintiff's attorney, whose address is __47 Winter St., #4, Boston, MA 02108__, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the __14th__ day of __July__, in the year of our Lord two thousand __and four__.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON
__AUGUST 19, 2004__ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK