UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
CHARLES E. DONOGHUE,

                Plaintiff,

v.

BARTON PROTECTIVE SERVICES, INC.
and DANIEL NAVEDO,

                Defendants.
------------------------------------------------------------x

C.A. No. 0411792-RGS

## ANSWER OF DEFENDANT, DANIEL NAVEDO, TO PLAINTIFF'S COMPLAINT

Defendant, Daniel Navedo ("Navedo"), for his Answer to Plaintiff's Complaint, states as follows:

### Parties

1. Navedo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Navedo admits that Allied-Barton Security Services is a corporation with a place of business located in Boston, Massachusetts and denies the remaining allegations in Paragraph 2.

3. Navedo denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 1 and admits the allegations in the second sentence of Paragraph 3.

4. Paragraph 4 contains conclusions of law, to which no response is required.

5. Navedo admits that Plaintiff was employed by Barton for approximately four months until May 2003 as a captain. Navedo denies knowledge or information sufficient to form a belief as to Plaintiff's birth date. Navedo denies the remaining allegations of Paragraph 5.

6. Navedo denies the allegations in Paragraph 6.

7. Navedo denies the allegations in Paragraph 7.

8. Navedo denies the allegations in Paragraph 8.

9. Navedo denies the allegations in Paragraph 9.

10. Navedo denies the allegations in Paragraph 10.

11. Navedo denies information sufficient to form a belief as to the allegations in Paragraph 11.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Navedo denies knowledge of the remaining allegations in Paragraph 12.

13. Navedo denies the allegations in Paragraph 13.

The WHEREFORE paragraph immediately following Paragraph 13 of the Complaint is a prayer for relief to which no response is required. To the extent a response is required, Navedo denies the allegations in the WHEREFORE paragraph immediately following Paragraph 13 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for damages fail, in whole or in part, by Plaintiff's failure to mitigate his damages.

**THIRD AFFIRMATIVE DEFENSE**

Every action taken by Defendants with respect to Plaintiff was taken for a legitimate business purpose.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel and unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by his failure to exhaust his internal and administrative remedies.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff unreasonably failed to take advantage of the preventive and/or the other corrective opportunities provided by Barton and otherwise avoid harm.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint should be dismissed for an insufficiency of process.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint should be dismissed for an insufficiency of service of process.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by his failure to file a timely charge of discrimination.

## ELEVENTH AFFIRMATIVE DEFENSE

Navedo reserves the right to add additional affirmative defenses as they are discovered.

Respectfully submitted,

DANIEL NAVEDO

By his attorneys,

/s/ Samia M. Kirmani
_____
Jeffrey S. Brody BBO#566032
Samia M. Kirmani BBO #634699
Jackson Lewis LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025

Dated: July 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that, on this 7th day of July, 2005, I caused a true and accurate copy of the above document to be served upon Plaintiff's counsel, Paul A. Manoff, 47 Winter Street, #4, Boston, MA 02108, by first-class mail, postage prepaid.

/s/ Samia M. Kirmani
_____
Jackson Lewis LLP